**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

|  |  |  |
|---|---|---|
| | ) | C. A. No: 0:22-cv-03818-SAL-PJG |
| Glenna Ghant | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Sherer Dental Laboratory, Inc. | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

COMES NOW Plaintiff, Glenna Ghant, by and through her undersigned counsel, and files this her Complaint.

## PARTIES

1. Plaintiff is a United States citizen and resident of Rock Hill, South Carolina.

2. Defendant Sherer Dental Laboratory, Inc. (hereinafter "Defendant" or "Sherer") is a South Carolina corporation and is licensed to do business in South Carolina.

3. Defendant at all times relevant to this Complaint, owned, operated and managed a facility in Rock Hill, South Carolina. The acts and omissions giving rise to this Complaint and causes of action occurred in Rock Hill, South Carolina.

4. This Court has jurisdiction over the claims and causes of action raised in this Complaint pursuant to 28 U.S.C. §1331.

5. Venue is proper in this judicial district because Defendant has substantial business contacts in this district, and because the unlawful acts alleged herein occurred substantially in York County, South Carolina.

6. At all relevant times, Defendant was an "employer" within the meaning of the Americans with Disabilities Act, 42 U.S.C §§ 12101 *et. seq.*

7. At all relevant times, Plaintiff was an "employee" within the meaning of the Americans with Disabilities Act, 42 U.S.C §§ 12101 *et. seq.* (hereinafter "ADA").

1

## ADMINISTRATIVE PROCEDURES

8. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on November 30, 2021 (EEOC Charge No. 430-2022-00491. Plaintiff filed a second charge of discrimination with the EEOC on June 14, 2022 (EEOC Charge No. 430-2022-02238.

9. On August 9, 2022, and August 18, 2022, Plaintiff was issued by the EEOC a Notice of Right to Sue on each of her Charges against Defendant entitling her to commence an action under the Americans with Disabilities Act (hereinafter "ADA") within 90 days of receipt of that Notice. Plaintiff timely filed her Complaint against Defendant within 90 days of her receipt of the Notices of Right to Sue.

10. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this matter.

## FACTUAL ALLEGATIONS

11. Plaintiff was first employed by Defendant in 1990. Plaintiff worked in the Defendant's facility in Rock Hill, South Carolina as a Technician, making crowns and bridges.

12. On May 19, 2020, Plaintiff was injured at work. Plaintiff fell off a ladder and suffered a left peritrochanteric femur fracture and left distal radius fracture.

13. Following her fall, Plaintiff was out of work on workers compensation recovering from her injuries suffered in the fall.

14. On June 22, 2021, Plaintiff's physician released her to return to work full time. Plaintiff's physician assigned her a 5% permanent impairment rating to her left hip and a 10% permanent impairment rating to her left hand.

15. Beginning on June 22, 2021, and on numerous occasions thereafter, Plaintiff contacted Defendant and requested to be returned to work.

16. Plaintiff spoke with, or communicated with, the following management officials of Defendant requesting she be returned to full time employment: President Trip Sherer, Operations Manager Eddie Merck and Controller Nancy Sturgis.

17. Throughout her employment, Plaintiff's performance met and/or exceeded any reasonable expectations of Defendant for her role as a Technician.

18. Despite the permanent restrictions assigned to her by her physician, Plaintiff was qualified for her position and could perform the essential functions of her job at all relevant times, with or without a reasonable accommodation.

19. Plaintiff's requests were ignored, and the Defendant refused to return her to work. Defendant left Plaintiff out of work on an unpaid leave of absence.

20. Defendant made the unilateral decision that Plaintiff could not perform the essential functions of her job. Defendant refused to engage in the interactive process with Plaintiff to enable her to demonstrate she could perform the essential functions of her job, with or without accommodation.

21. Since June 22, 2021, Defendant has had numerous open positions for jobs for which Plaintiff can perform the essential functions. Despite the openings/vacancies, Defendant refused to return Plaintiff to work.

22. On November 30, 2021, Plaintiff filed an administrative charge of discrimination with the EEOC alleging that Defendant violated the ADA; EEOC Charge No. 430-2022-00491.

23. On March 7, 2022, Plaintiff was notified by Defendant that she was terminated from her job. The Defendant claimed Plaintiff was fired because there were no available positions for her. The stated reason for Plaintiff's termination was false. At the time of the discharge, as well as on numerous occasions since June 22, 2021, Defendant had available open positions for which Plaintiff was qualified and could perform the essential functions, with or without reasonable accommodation.

24. Plaintiff's rights under the ADA were violated by Defendant's refusal to return her to work, and refusal to engage in the interactive process with Plaintiff so as to allow Plaintiff the opportunity to demonstrate she can perform the essential functions of open available positions, with or without reasonable accommodation. Defendant also perceives the Plaintiff as disabled and therefore has refused to return her to work and discharged her from her employment. Defendant also terminated Plaintiff because she engaged in protected activity under the ADA by filing her charge of discrimination on November 30, 2021.

25. Defendant's actions have been willful, wanton and in reckless disregard of the rights of Plaintiff.


## COUNT I-VIOLATION OF THE ADA 42 U.S.C § 12101 *ET. SEQ.*

26. Plaintiff realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

27. Plaintiff is a "person" and an "employee," and Defendant is an "employer" and "covered entity" as those terms are defined by 42 U.S.C. § 12111.

28. Plaintiff has a "disability" as that term is defined at 42 U.S.C. § 12102 in that she has a physical impairment that limits one or more of her major life activities.

29. Plaintiff's performance at all times during her employment met and/or exceeded any reasonable expectations of Defendant for her role as a Technician.

30. Plaintiff was qualified for her position and could perform the essential functions of her job at all relevant times, with or without a reasonable accommodation.

31. Defendant perceived Plaintiff as disabled at the time of her discharge and in the time period leading up to her discharge, beginning in June 2021.

32. Plaintiff suffered an adverse employment action when the Defendants refused to return her to job as a technician, refused to engage in the interactive process with Plaintiff, and the subsequent termination of Plaintiff's employment.

33. Defendant violated the ADA by (a) treating Plaintiff differently from her peers in the terms and conditions of her employment and ultimately terminating her from her employment; (b) refusing to return Plaintiff to her Technician position; (c) refusing to engage in the interactive process; and (d) perceiving Plaintiff as disabled. Defendant committed a gross dereliction of its duty under the ADA by these failures.

34. As a direct and proximate result of Defendant's violation of Plaintiff's rights under ADA, Plaintiff has suffered, lost back pay and front pay, lost benefits, and other pecuniary losses. In addition, she has and will continue to suffer emotional distress, embarrassment, and humiliation as a result of the wrongful and illegal conduct.

35. Defendants actions and unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Defendant's officers, directors, and managers participated in and condoned this malicious, willful, wanton, and reckless conduct alleged above. Accordingly, Plaintiff is entitled to recover punitive damages.


## COUNT II- RETALIATION IN VIOLATION OF THE ADA

36.  Plaintiff  realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

37. Plaintiff was retaliated against in violation of the ADA and subjected to less favorable terms and conditions of employment than similarly situated employees because she opposed the illegal and discriminating conduct of Defendant.

38. Plaintiff was refused reinstatement, refused the interactive process, and discharged in retaliation for filing her first administrative charge of discrimination with the EEOC.

39. Defendant's conduct is in violation of  the ADA, 42 U.S.C. § 12203

40. Wherefore, Plaintiff requests a trial by jury on her retaliation claim. As a direct and proximate result of the retaliation, Plaintiff has suffered, lost wages, benefits, and other pecuniary losses. In addition, she has suffered emotional distress. Plaintiff is entitled to an award of damages for these injuries in an amount to be determined at trial.

4

41. Defendant's unlawful employment practices described herein were willful, wanton, malicious, and in reckless disregard for Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, upon the trial of this matter, Plaintiff prays that the Court enter Judgment for her and award the following relief:

A. A judgement and Order requiring Defendant to reinstate Plaintiff to her Technician position or a comparable position with the same or equal salary, wages, and benefits;

B. A judgement awarding Plaintiff lost wages, including front pay, lost employment benefits, and any other compensation denied or lost because of the violation of the ADA;

C. Compensatory damages for the emotional distress she has suffered;

D. Punitive damages;

E. An Order that the costs of this action be taxed against Defendant;

F. An Order awarding  Plaintiff reasonable attorney's fees;

G. Pre-judgment and post-judgement interest on all amounts for which pre-judgement and post-judgement interest is legally allowable;

F. All other relief whether legal, equitable or injunctive, as this Court deems just and necessary.

G. Plaintiff demands a jury trial in this action.

5

Respectfully submitted,

/s/ Jacob J. Modla
Jacob J. Modla
Fed. Bar No: 12639
The Law Offices of Jason E. Taylor P.C.
115 Elk Ave.
Rock Hill, SC 29730
T: 803-328-0898
E-Mail: jmodla@jasonetaylor.com

November 2, 2022                    ATTORNEY FOR PLAINTIFF